[No. 11660.   Department One.   March 13, 1914.]

HARRY C. GORDON, *Receiver etc.*, *Respondent*, v.
A. L. McCLANAHAN *et al.*, *Appellants*.[1]

COSTS—ON APPEAL—BRIEFS. No costs will be allowed on appeal for the printing of briefs on appeal on glazed paper in violation of Supreme Court Rule VIII.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered April 14, 1913, upon findings in favor of the plaintiff, in an action upon unpaid stock subscriptions, tried to the court. Affirmed.

*Wm. C. Keith* (*Hovey & Hale*, of counsel), for appellants.
*Wm. Brueggerhoff* (*C. R. Hadley*, of counsel), for respondent.

ELLIS, J.—The question presented by this appeal is identical with the main question presented in *Gordon v. Cummings*, ante p. 515, 139 Pac. 489, which we have just decided. The cases present the same principle, though the facts here are much less complicated. Like a majority of the defendants in that case, A. L. McClanahan, defendant here, subscribed directly for seventy-five shares of the so-called preferred stock, the contract of subscription providing that he should receive three shares of the stock designated as common stock with each share of his preferred stock. He paid the par value of $10 each for the shares of preferred stock, and with these shares received 225 shares of the common stock, paying nothing for them. No question is raised as to the sufficiency of the showing upon the books

[1]Reported in 139 Pac. 496.

of the corporation that he was the original subscriber for all of this stock, both preferred and common. No question of overissue is presented. From a judgment in favor of the receiver for the ten per cent assessment upon his subscription for this common stock to pay the debts of the corporation, he has appealed. Following the rule announced in the *Cummings* case, we affirm the judgment.

The briefs of both parties are, in violation of Rule VIII of this court, printed upon glazed paper. The violation of this rule is becoming all too common, in view of the volume of brief reading incumbent upon every member of this court, much of which must, of necessity, be done at night. After hours of such reading, the perusal of a brief printed upon shining paper is almost intolerable. Because of this noncompliance with the rule, neither party will recover costs for briefs.

On the other hand, we desire to commend counsel for the discriminating care shown in the preparation of the abstract of the record. In pleasing contrast with the abstract in the *Cummings* case, both the pleadings and evidence are condensed to the narrow compass of less than four pages, containing a frank and clear statement of every material item of each, in plain, narrative form.

CROW, C. J., MAIN, GOSE, and CHADWICK, JJ., concur.